Harley & Myra Dorsey, d/b/a Concorde Farms, Plaintiffs, v. United States Secretary of Agriculture, Defendant.

Court No. 06–00449

## JUDGMENT

MUSGRAVE, Senior Judge: Upon remand of this matter pursuant to *Dorsey v. U.S. Sec'y of Ag.*, Slip Op. 08–76 (July 11, 2008), familiarity with which (and prior proceedings) is here presumed, the administrative record was reopened and supplemented with a financial statement for the plaintiffs for the periods ended December 31, 2000, 2001, 2002, 2003, and 2004. The Dorseys' accountants' compilation report thereof states that the financial statement was prepared on a cash basis in accordance with the Statements on Standards for Accounting Review Services issued by the American Institute of Certified Public Accountants and otherwise in accordance with Generally Accepted Accounting Principles (GAAP). According to the accountants' further clarification of the compilation report, the financial statement

> converts all the Dorseys' depreciable items—namely all fixed assets that have been taken as 179 deductions before 2005 and that would have materially affected the financial statements for 2003 and 2004—to straight-line depreciation over the life of the item, consistent with GAAP. This conversion eliminates the net-income distorting effect of 179 deductions.

> More particularly: This conversion treats the Dorseys' extraordinary 179 deduction for a wind machine in 2003—which distorted the Dorseys' "net income" for that year—as an ordinary, straight-line deduction....

> As stated in the Report, we prepared the Statement using a cash basis of accounting. The cash basis of accounting for the Report is the only departure from GAAP. We are unable to prepare a report based on the accrual method, but the differences in the net income line on the Statement under an accrual method would be negligible...."

1

Second Supp. AR (PDoc) at 6.

Whereupon the defendant considered such statement(s), and its Reconsideration Upon the Third Remand of the Application of Concorde Farms states that the agency

> determined that Concorde Farms' net farm income declined from its pre-adjustment year, 2003, to the applicable marketing year, 2004. As a result, Concorde Farms is entitled to cash benefits under the TAA statute and regulation.
>
> Concorde Farms' production of 387.4 tons of Concord grapes times the payment rate of $18.10 per ton for Washington State yields $7,011.94. AR, 1. Accordingly, payment under the TAA program in the amount of $7,011.94 is due Concorde Farms.

*Id.* (PDoc) at 2, 13.

The parties having provided no comment since that document's filing with the Court on October 30, 2008, it is therefore

ORDERED, ADJUDGED AND DECREED that the results of Reconsideration Upon the Third Remand of the Application of Concorde Farms be, and they hereby are, sustained.